IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| DANIELA LEWIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 2:20-2219 |
| | ) |
| v. | ) |
| | ) |
| DOLLAR GENERAL CORPORATION, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**ORDER DENYING JOINT MOTION FOR FLSA SETTLEMENT APPROVAL**

Before the Court is the Parties' Joint Motion for Fair Labor Standards Act ("FLSA") Settlement Approval, filed on February 9, 2021. (ECF No. 13.) The Parties move the Court for approval of the submitted proposed FLSA settlement agreement provided by the Parties with their Joint Motion ("Proposed Settlement"). (ECF No. 13-1.)

"FLSA rights cannot be abridged by contract or otherwise waived because this would nullify the purposes of the statute and thwart the legislative policies it was designed to effectuate." Craig v. Bridges Bros. Trucking LLC, 823 F.3d 382, 388 (6th Cir. 2016) (quoting Barrentine v. Ark.-Best Freight Sys., Inc., 450 U.S. 728, 740 (1981)). "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement," however, "the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1981); Hajiani v. ESHA USA, Inc., No. 3:14-cv-594-TAV-hbg, 2017 WL 5163354, at *4 (E.D. Tenn. Nov. 7, 2017).

1

In approving a FLSA settlement, the Court must ensure that there is a fair and reasonable resolution of a *bona fide* dispute.  Lynn's Food Stores, 679 F.2d at 1354–55); Int'l Union, United Auto., Aerospace, and Agr. Implement Workers of Am. v. Gen. Motors Corp., 497 F.3d 615, 631 (6th Cir. 2007) (hereinafter "UAW").  To guide this inquiry, the Court considers the following:

> (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinion of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest.

UAW, 497 F.3d at 631 (6th Cir. 2007); see also Hamm v. S. Ohio Med. Ctr., No. 1:16-CV-935, 2017 WL 5514526, at *2 (S.D. Ohio Nov. 16, 2017) (holding that the requirements for approval of a class action settlement are sufficient for finding that a FLSA settlement is "fair and reasonable").

The Court has reviewed each of the seven UAW factors and reviewed the terms of the Proposed Settlement, and finds that the "Confidentiality by Plaintiff" provisions contravene the public interest and purpose of FLSA.  "[A]ny ostensible 'privacy' right that would be invaded by virtue of publishing the settlement agreement pales in comparison to both the purpose of the FLSA and the presumption of public access to any judicial document."  Brown & Williamson Tobacco Corp v. F.T.C., 710 F.2d 1165, 1169 (6th Cir. 1983).  This Court and other district courts have rejected such provisions in the past.  See Steele v. Staffmark Investments, LLC, 172 F.Supp.3d 1024, 1031 (W.D. Tenn. 2016) ("[T]his Court is unwilling to approve a settlement or dismissal of FLSA claims where the terms of the settlement are not available to the public."); see also Dees v. Hydradry, Inc., 706 F.Supp.2d 1227, 1242 (M.D. Fla. 2010) ("A confidentiality provision in an FLSA settlement agreement both contravenes the legislative purpose of the FLSA and undermines the Department of Labor's regulatory effort to notify employees of their FLSA rights.").  Here, the "Confidentiality by Plaintiff" requires that:

>   Plaintiff has not as of the date of this Agreement, and will not in the future, disclose this Agreement, its terms and conditions, or the settlement amount received by Plaintiff, or allude to any settlement range or description thereof, to any third person, entity, or government organization and that all such matters remain strictly confidential and shall not be disclosed or alluded to in any manner, except as provided in subparagraph V.(b), other than to Plaintiff's spouse (if any), accountants, the IRS, and/or Plaintiff's Attorneys (the 'Authorized Persons').

(ECF No. 13-1 at PageID 43.)

The provisions of the section above contravene the legislative purpose of FLSA. Accordingly, the Court **DENIES** the Parties' Joint Motion for Settlement Approval. The Court does not take issue with other portions of the Proposed Settlement. Accordingly, the Parties are hereby **ORDERED** to modify the Proposed Settlement in accordance with this Order.

**IT IS SO ORDERED**, this 24th day of February, 2021.

                                           /s/ Jon P. McCalla
                                           JON P. McCALLA
                                           UNITED STATES DISTRICT JUDGE